**Paul William JENSEN, Plaintiff–Appellant,**

v.

**I. HENRY; et al., Defendants–Appellees.**

**No. 01–16629.**
**D.C. No. CV–97–00697–DFL.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

---

* The panel unanimously finds this case suitable

for decision without oral argument, and de-

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Paul William Jensen, a California state prisoner, appeals pro se the district court's judgment following dismissal and summary judgment orders in his 42 U.S.C. § 1983 action alleging that correctional officers retaliated against him for filing a personnel complaint against two of the officers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a dismissal for failure to state a claim and a grant of summary judgment. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curium).

Jensen contends that defendants conducted cell searches, removed him from his job, conducted a biased disciplinary hearing, and charged him with rule violations in retaliation for filing a personnel complaint against officers Mason and Ahlers.

The district court properly dismissed Jensen's claims against Governor Wilson, Director Terhune, Warden Henry, Acting Warden Reasor and Associate Warden Arredondo because Jensen failed to allege a direct link between the named defendants and the alleged misconduct. *See Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (holding that section 1983 action requires a showing of personal participation in alleged constitutional violation).

The district court properly dismissed Jensen's due process claims regarding his administrative appeals and regarding the actions of the classification committee. *See Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (finding no constitutional right to a particular classification or custody level); *Barnett,* 31 F.3d at 816 (reiterating that due process is satisfied when the disciplinary committee's decision is supported by "some evidence"); *Taylor,* 880 F.2d at 1045–46 (finding conclusory allegations insufficient to establish that any individual prison official acted in retaliation for protected conduct).

Finally, summary judgment was proper on Jensen's retaliation claims because he failed to produce evidence beyond his conclusory statements that retaliation for the exercise of protected conduct was the substantial and motivating factor behind defendants' conduct. *See Barnett,* 31 F.3d at 815–16 (requiring an absence of legitimate correctional goals for the alleged retaliatory activity); *Jordan v. Gardner,* 986 F.2d 1521 (9th Cir.1993) (requiring knowledge of protected activity to succeed on a retaliation claim); *Taylor,* 880 F.2d at 1045–46 (finding conclusory allegations insufficient to establish that any individual prison official acted in retaliation for protected conduct).

Jensen's remaining contentions lack merit.

AFFIRMED.

---

nies Jensen's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.